IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 1:01CR170-2 |
| | ) |
| SHAWN MARSHALL | ) |

## MEMORANDUM OPINION

This matter is before the Court on a Motion by Defendant Shawn Marshall pursuant to 18 U.S.C. § 3582(c) asking the Court to reduce his sentence based on an Amendment to the United States Sentencing Guidelines which lowered the applicable sentencing range in his case. Specifically, Defendant contends that he is entitled to a reduction pursuant to Amendments 706 and 711, which lowered the base offense levels in Guideline § 2D1.1 with respect to cocaine base ("crack") offenses.

Under 18 U.S.C. § 3582(c), the Court may reduce a term of imprisonment after it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." 18 U.S.C. § 3582(c)(2). If this provision applies, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, defendants seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) must establish first that they are eligible for a reduction because they were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Second, if a defendant is

potentially eligible for a sentence reduction, 18 U.S.C. § 3582(c)(2) further directs that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" and must involve consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

In the present case, the Defendant and the Government agree that Defendant's base offense level was calculated pursuant to Guideline § 2D1.1 for cocaine base ("crack"), and that Amendments 706 and 711 lowered the applicable sentencing range in Defendant's case. Thus, Defendant has established as an initial matter that he is potentially eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). However, as noted above, any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). The Sentencing Commission, in Guideline § 1B1.10, has included Amendments 706 and 711 as amendments that may be retroactively applied pursuant to 18 U.S.C. § 3582(c)(2). However, the Sentencing Commission has also noted that in determining whether a sentence reduction is warranted pursuant to 18 U.S.C. § 3582(c)(2), the Court may consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" (i.e., the "public safety considerations") as well as the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" (i.e., the "post-sentencing conduct"). See U.S.S.G. § 1B1.10, comment. n.1(B).

In the present case, the Government objects to any reduction in Defendant's sentence, based on public safety considerations. Specifically, the Government contends that as part of the

offense conduct in the present case, when officers attempted to move in to block Defendant's vehicle, Defendant locked himself in his vehicle, rammed a truck, struck an officer with his car on the way out of the parking lot, struck a civilian vehicle on Interstate 40, and ultimately escaped on foot. The Government contends that given these events and Defendant's possession of a firearm at the time of the offense, Defendant will pose a danger to public safety in the future.

In response, Defendant's counsel contends that the Court has already taken this conduct into account, since Defendant's sentence was enhanced by three levels for assault on an Officer, and all of this information was considered by the Court at the original sentencing. Defendant's counsel further notes that Defendant has not committed any infractions since he has been incarcerated, and that Defendant is unlikely to pose a threat to public safety in the future.

The Court has considered the information presented and finds that the offense conduct raised by the Government is not so severe as to preclude a reduction pursuant to the Amended Guidelines. In particular, the Court notes that all of the information related to the offense of conviction, including Defendant's conduct in resisting arrest, assaulting an Officer, and possessing a firearm, was before the Court at sentencing and was taken into account by the original sentencing Court. In addition, the Court notes that several years after his conviction, Defendant provided substantial assistance to the Government, and the Government filed a request to reduce Defendant's sentence pursuant to Rule 35 based on his substantial assistance to the Government. That request was granted by the Court. Thus, the Government has previously requested that Defendant's sentence be reduced, despite his previous conduct. In

addition, the Court has reviewed Defendant's post-sentencing conduct, and notes that Defendant has completed numerous education courses while he has been incarcerated, and currently has a work assignment as a Chapel Orderly. Significantly, the Defendant has not committed a single infraction in the over eight years that he has been incarcerated. Finally, the Court notes that even after he has completed his sentence, Defendant is subject to deportation, and a detainer has been filed by the Bureau of Immigration and Customs Enforcement.

Having considered all of these matters, the Court concludes that given all of these circumstances, the conduct raised by the Government is not any less favorable than many other defendants who have received the benefit of the Amended Guidelines with the Government's consent. As such, these matters do not raise such public safety concerns so as to preclude this Court's consideration of Defendant's request for application of the Amended Guidelines. Therefore, in these circumstances and having reviewed all of the available information, the Court in its discretion has concluded that Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) under the Amended Guidelines will be granted. In determining the extent of the reduction, the Court has taken all of this available information into account, and has calculated an appropriate sentence as set out in the Order filed contemporaneously herewith.

This, the 15 day of October, 2009.

_____
United States District Judge